# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
GHAYASS BEYDOUN
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-20242

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. Defendant is a 32 year old unemployed Lebanese national who came to the United States in 1994 and who now lives with his parents in Dearborn. He is a permanent resident with a green card. He is charged with four separate counts of hand to hand distribution of heroin. He is a permanent resident and has a valid green card issued to him. His only passport appears to be a Lebanese passport, which may now be expired. His family ties to this district consist of his parents and two siblings. Two other siblings live in Lebanon. He previously worked in the family business, which was a One Dollar Plus store located at 19251 Warren in the city of Detroit. That store has recently been burned to the ground. (CONTINUE ON PAGE 2)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 11, 2008 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant speaks English but does not read or write English.  According to testimony, on February 26, 2008 a criminal complaint was issued.  Defendant was approached by the DEA and signed a Rule 5 waiver after being taken into custody.  He did not go before a judicial officer and he was not issued a bond.  He agreed to reside with his parents in Dearborn and cooperate.  He did not cooperate.  Instead, he fled the jurisdiction.

Defendant's criminal contacts are minimal, consisting of two misdemeanors.

Defendant admits that he went into hiding because he was afraid of what was going to happen to him.  He feared prosecution and he feared certain persons with whom he had been associating, and against whom the DEA had sought his cooperation.

Special Agent Graber received a phone call from Defendant on Friday, March 14, 2008.  Defendant was upset that SA Graber had contacted his parents to inquire about his whereabouts.  Defendant stated that he was going back to Lebanon.  It is believed that he went to Chicago, and from there, traveled down to the Texas/Mexican border.

The next day SA Farrell received a telephone call from Customs and Border Protection and learned that Defendant was stopped at the Roma, Texas U.S. entry point after being denied entry into the U.S. from Mexico because his passport had expired.

On Sunday, March 16, 2008 SA Graber received another phone call from Customs and Border Protection Officer Elsa Vasquez in Laredo, Texas stating that Defendant was again attempting to enter the U.S. via the entry point located in Laredo, Texas.

Further investigation disclosed that Beydoun was in Chicago for a period of time between May, 2008 and August, 2008.  The U.S. Marshal Service attempted to locate him in Chicago.  In May, 2008 the Indictment was issued.

 It was then discovered that Defendant planned to return to this district, and soon thereafter he was apprehended at his parents' store, where he was assisting them with the clean up following its destruction by fire.  At the time of his arrest he acted surprised, asked what he was wanted for (he had already been picked up once on the Complaint) and stated that he didn't know that he was a fugitive.  He further stated that if he had known he was wanted, he would have gone to Lebanon.  However, when being interviewed by Pretrial Services,  he advised the Pretrial Services officer that he went into hiding in March of this year because of his fears about this case and the individuals who may be involved.

The Court's concern is that Defendant has been running from the case for seven months.  He has already proven that he is a risk of flight and that he has the means and knowledge to abscond.  He has crossed the border, possibly on more than one occasion during the last seven months.  He has traveled the country knowing that he had been named in a Complaint.  He now states that the

reason he ran is that he fears prosecution. These charges bring with them a mandatory minimum of ten years incarceration.  The Defendant's fear of prosecution and its outcome cannot be remedied by a bond.  His ability to flee has been proven.  Notwithstanding his minimal criminal contacts, he has given statements that reflect a state of mind that contemplates leaving this jurisdiction.

Defendant's activities underlying the charges do give this Court concern about his danger to the community.  However, the overriding concern is that this Defendant has already proven by his actions that he intends to flee from prosecution, and he has so stated.  There are no conditions of bond that would assure Defendant's appearance in court.  Therefore Detention is Ordered.